UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.

Christopher Lee Rousseau,

    Defendant.

Criminal No. 13-14 (PJS/FLN)

**REPORT AND RECOMMENDATION**

___

Lola Velazquez-Aguilu, Assistant United States Attorney, for Plaintiff.
James S. Becker, Assistant Federal Defender, for Defendant.

___

**THIS MATTER** came before the undersigned United States Magistrate Judge on March 13, 2013 on the Defendant's motions to suppress (ECF Nos. 28 & 29). The matter was referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. At the hearing, the Government offered testimony from Cory Kochendorfer and David Peterson. The Government entered four exhibits into evidence, and the Defendant entered five. Both parties submitted additional briefing. ECF Nos. 34 and 35. For the reasons set forth below, the Court recommends that Defendant's motions to suppress be **DENIED**.

## I. FINDINGS OF FACT

On the night of December 2, 2012 (and continuing into the early morning of December 3, 2012), St. Paul Police Officer Cory Kochendorfer received a tip from a confidential informant who had previously provided reliable information to Korchendorfer. The informant told Kochendorfer that the defendant, Christopher Lee Rousseau, had a gun, was "high on meth," and was driving northbound on Highway 61—heading from Newport, MN to St. Paul, MN—in a black GMC Jimmy.

1

Kochendorfer knew Rousseau was a felon, that his driver's license had been cancelled as inimical to public safety, and that he was a heavy drug user. Kochendorfer knew what Rousseau looked like because he had six to twelve prior encounters with him.

Kochendorfer drove to the intersection of Highway 61 and Lower Afton Road. After waiting for about thirty minutes,[1] Kochendorfer saw a vehicle that matched the informant's description—that is, a black GMC Jimmy driving northbound on Highway 61. Kochendorfer followed the vehicle for a minute or two and then drove alongside it. After visually confirming that Rousseau was the driver of the vehicle, Kochendorfer initiated a traffic stop. With his weapon drawn, Kochendorfer approached the vehicle, instructed Rousseau to put his hands on top of his head, and immediately placed him in handcuffs as he exited the vehicle. Kochendorfer then brought Rousseau back to the squad car, conducted a pat-down search, and found two bullets and $385 in cash in Rousseau's pockets. After securing Rousseau, Kochendorfer had the three passengers exit the vehicle. Each was secured in a separate squad car.

Kochendorfer searched the vehicle and found a blue pouch in a compartment within the center console. The pouch contained a gun, methamphetamine, and marijuana. Rousseau was taken to jail. No sobriety testing was done at the scene of the arrest.

At around 10:30am on the day of the arrest, Sergeant David Peterson, of the St. Paul Police Department, conducted a recorded interview with Rousseau. The interview occurred in an 8 x 10 room at the jail. Rousseau was not placed in any restraints, and Peterson and Rousseau were the only two individuals present during the interview. Peterson estimates that about 45 seconds elapsed

---

[1] Kochendorfer testified that the informant gave him additional information by telephone while he waited for Rouseau's vehicle. The informant was not in the squad car and was not present at the scene of the arrest.

between the time he entered the interview room and the time he started the recording device. Peterson read Rousseau his *Miranda* rights, and Rousseau signed a *Miranda* waiver form. During the interview, Rousseau admitted that the gun and the drugs were his. Peterson testified that Rousseau appeared to understand all of the questions he had been asked.

## II. CONCLUSIONS OF LAW

### A. The search of the defendant's vehicle

Defendant Rousseau moves to suppress any evidence seized from his vehicle after his arrest on December 3, 2012. Rousseau contends that the warrantless search of his vehicle violated the Fourth Amendment because "no exception to the warrant requirement applies."

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Warrantless searches, meaning searches conducted " without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357 (1967) (footnotes omitted). This motion implicates two of those exceptions, the automobile exception and the exception for searches incident to a lawful arrest.

Under the automobile exception, the police may "search a vehicle without a warrant if they have probable cause to believe the vehicle contains evidence of criminal activity." *United States v. Brown*, 634 F.3d 435, 438 (8th Cir. 2011). Probable cause exists "where there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). During a search incident to a lawful arrest, the police may search "the arrestee's person and the area within his immediate control." *United States v. Perdoma*, 621 F.3d 745, 750 (8th Cir. 2010). The police may search an arrestee's vehicle incident to an arrest "only if

3

the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." *Arizona v. Gant*, 556 U.S. 332, 351 (2009).

In this case, Officer Kochendorfer had probable cause to arrest Rousseau for driving without a valid driver's license. Kochendorfer personally observed Rousseau driving, and he knew that Rousseau's driver's license had been cancelled as inimical to public safety. Kochendorfer then conducted a search incident to arrest and discovered a bullet in Rousseau's pocket. At that point, Kochendorfer had probable cause to arrest Rousseau for being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g). He also had probable cause to believe that a gun and/or ammunition would be found in the vehicle,[2] evidence relevant to the offense of arrest. The search therefore falls within both the automobile exception and the exception for searches incident to a lawful arrest. The evidence seized pursuant to that search is admissible, and the defendant's motion to suppress must be denied.

B. **The defendant's statements**

Defendant Rousseau moves to suppress any statements he made to the police on the morning of December 3, 2012. He contends that the government has not met its burden of proving by a preponderance of the evidence that he voluntarily, intelligently, and knowingly waived his *Miranda* rights.

The Fifth Amendment provides that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend V. In *Miranda v. Arizona*, the Supreme Court concluded that four specific *Miranda* warnings were necessary prior to a custodial interrogation in

---

[2] The confidential informant's tip also provided Kochendorfer with probable cause to believe that a gun would be found in the vehicle.

order to "assure that the individual's right to choose between silence and speech remain unfettered throughout the interrogation process." *Miranda v. Arizona*, 384 U.S. 436, 469 (1966). A defendant may waive his *Miranda* rights but must do so "voluntarily, knowingly and intelligently." *Id.* at 444.

A valid *Miranda* waiver must be (1) "the product of free and deliberate choice rather than intimidation, coercion, or deception" and (2) "with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *United States v. Vinton*, 631 F.3d 476, 483 (8th Cir. 2011). The totality of the circumstances must demonstrate a "requisite level of comprehension" of the rights being waived. *Colorado v. Spring*, 479 U.S. 564, 573 (1987). The government has the burden of proving, by a preponderance of the evidence, that the defendant made a valid waiver of his *Miranda* rights. *Miranda*, 384 U.S. at 473.

Rousseau contends that the circumstances of his arrest and subsequent interrogation (i.e. his reportedly being "high on meth" and then incarcerated for nine hours) raise doubt as to whether his *Miranda* waiver was voluntary, knowing, and intelligent. The Court has listened to the audio recording of the interview. Gov.'s Ex. 1. Rousseau sounds coherent, alert, and—in a word—sober. The Court has also examined the *Miranda* waiver form that was initialed and signed by the defendant. Gov.'s Ex. 2. Rousseau acknowledges signing the waiver form during the interview. Based on the foregoing, the Court concludes that the government has proven by a preponderance of the evidence that Rousseau voluntarily, knowingly, and intelligently waived his *Miranda* rights. His motion to suppress must therefore be denied.

### III. RECOMMENDATION

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant's Motion to Suppress Statements (ECF No. 28) should be **DENIED**; and

2. Defendant's Motion to Suppress Fruits of Unlawful Arrest and Search and Seizure (ECF No. 29) should be **DENIED**.


DATED: April 3, 2013                  *s/ Franklin L. Noel*
                                                FRANKLIN L. NOEL
                                                United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **April 17, 2013**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **April 17, 2013,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.