UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER LEE ROUSSEAU,<br><br>Defendant. | Case No. 13-CR-0014 (PJS/FLN)<br>Case No. 14-CV-3683 (PJS)<br><br><br>ORDER |

Christopher Lee Rousseau, pro se.

Christopher Rousseau pleaded guilty to being a felon in possession of a firearm.  *See* 18 U.S.C. §§ 922(g)(1), 924(e).  The Court found that Rousseau was an "armed career criminal" — and thus was subject to a 180-month mandatory-minimum sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1) — because Rousseau had four previous convictions for violent felonies:  one conviction for third-degree burglary in violation of Minn. Stat. § 609.582, subd. 3; one conviction for aiding and abetting second-degree burglary in violation of Minn. Stat. § 609.582, subd. 2(a)(4); and two convictions for fleeing a peace officer in a motor vehicle in violation of Minn. Stat. § 609.487, subd. 3.

This matter is before the Court on Rousseau's motion under 28 U.S.C. § 2255 to vacate his sentence.  ECF No. 58.  In his plea agreement, Rousseau waived his right to collaterally attack his sentence except on grounds that a change in the law retroactively altered his status as an armed career criminal.  Rousseau's motion makes such arguments, which are addressed below.  The Court will also address Rousseau's argument that, because of the alleged

ineffectiveness of his trial counsel, Rousseau did not enter into the plea agreement knowingly and voluntarily.  *See DeRoo v. United States*, 223 F.3d 919, 923-24 (8th Cir. 2000).

*First*, Rousseau argues that the Court should not have counted his burglary convictions as violent felonies under the ACCA in light of *Descamps v. United States*, 133 S. Ct. 2276 (2013). In his plea agreement, however, Rousseau waived his right to make such a collateral attack on his sentence.  *Descamps* was decided on June 20, 2013, and Rousseau was sentenced on September 11, 2013.  Thus, *Descamps* does not represent "a change in the law that retroactively alters [Rousseau's] status as an armed career criminal."  Plea Agreement ¶ 9.

In any event, Rousseau's argument is without merit.  Rousseau was convicted of the Minnesota crimes of third-degree burglary and aiding and abetting second-degree burglary.  The ACCA specifically defines "violent felony" to include "burglary."  *See* 18 U.S.C. § 924(e)(2)(B)(ii).  The Supreme Court has held that, for purposes of the ACCA, a "burglary" is "any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 599 (1990).  In order to determine whether a particular burglary conviction meets this definition, the Eighth Circuit applies the "categorical approach," under which a court "'look[s] only to the fact of conviction and the statutory definition of the prior offense.'"  *United States v. Tucker*, 740 F.3d 1177, 1179 (8th Cir. 2014) (quoting *Taylor*, 495 U.S. at 602).  Applying this categorical approach, the Eighth Circuit has held that both a conviction for third-degree burglary in violation of Minn. Stat. § 609.582, subd. 3, and a conviction for second-degree burglary in violation of Minn. Stat. § 609.582, subd. 2, are

convictions for "burglary" for purposes of the ACCA. *See United States v. Smith*, 645 F.3d 998, 1003 n.5 (8th Cir. 2011); *United States v. Sonczalla*, 561 F.3d 842, 845-46 (8th Cir. 2009).[1]

*Descamps* does not help Rousseau. In *Descamps*, the Supreme Court held that a court may not use what is known as the "modified categorical approach" to decide whether a defendant who has been convicted under an "indivisible" statute has been convicted of a "violent felony" for purposes of the ACCA. 133 S. Ct. at 2281. The holding in *Descamps* is irrelevant to this case because the statutes under which Rousseau was convicted were divisible (not indivisible) and because both the Eighth Circuit (in *Smith* and *Sonczalla*) and this Court (in Rousseau's case) took the categorical approach (not the modified categorical approach) in deciding that the Minnesota crimes of second-degree burglary and third-degree burglary are violent felonies for purposes of the ACCA.

No one can be convicted of any of the variants of second-degree burglary in Minnesota — and no one can be convicted of any of the variants of third-degree burglary in Minnesota — unless two things are true: First, the defendant must have "enter[ed] a building without consent." Second, the defendant must have entered the building intending to commit a crime or he must have committed a crime after entering the building. *See* Minn. Stat. § 609.582, subds. 2 and 3. Again, the Supreme Court has defined generic "burglary" for purposes of the ACCA as "any crime . . . having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor*, 495 U.S. at 599. Thus, anyone

---

[1] That Rousseau's second-degree burglary conviction was for aiding and abetting is irrelevant, as the ACCA treats aiders and abetters the same as principals. *United States v. Salean*, 583 F.3d 1059, 1060 n.2 (8th Cir. 2009).

who has been convicted of either second-degree burglary or third-degree burglary in Minnesota has necessarily been convicted of generic burglary for purposes of the ACCA.

*Second*, Rousseau argues that his two convictions for fleeing a peace officer in a motor vehicle are not "violent felon[ies]" for purposes of the ACCA. He acknowledges that the Eighth Circuit held to the contrary in *United States v. Bartel*, 698 F.3d 658, 661-62 (8th Cir. 2012), but argues that *Bartel* was wrongly decided. Whether right or wrong, though, *Bartel* is binding on this Court. Rousseau also contends that applying *Bartel* violates his rights under the Ex Post Facto Clause because *Bartel* overruled an earlier decision — *United States v. Tyler*, 580 F.3d 722 (8th Cir. 2009) — in light of the Supreme Court's intervening decision in *Sykes v. United States*, 131 S. Ct. 2267 (2011). But the Eighth Circuit rejected precisely this argument under the Ex Post Facto Clause in *United States v. Pate*, 754 F.3d 550, 556-57 (8th Cir. 2014).

*Third*, Rousseau argues that his trial attorney was ineffective because he did not make the arguments that Rousseau now makes about *Descamps* and the Ex Post Facto Clause. But Rousseau's arguments are meritless, and his trial attorney obviously was not ineffective for failing to make meritless arguments. Moreover, Rousseau's guilty plea was not invalid because his counsel did not advise him about these meritless arguments.

*Finally*, Rousseau argues that his attorney was ineffective because he did not adequately challenge the credibility of a police officer who testified at a suppression hearing about discovering a gun in Rousseau's car. Even assuming (without deciding) that Rousseau is correct, Rousseau must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). It is true that, at the suppression hearing, the officer testified that he stopped

Rousseau's car because of a tip that he received from an informant.  It is also true that the officer had not mentioned this tip in his arrest report, apparently because he wanted to safeguard the informant's identity.  But "material bearing only on credibility is rarely significant enough to meet the *Strickland* standard."  *Colvin v. United States*, 799 F.2d 427, 429 (8th Cir. 1986).  The inconsistencies between the officer's testimony at the suppression hearing and his arrest report "were not such that would completely destroy [the officer]'s credibility and render his testimony worthless."  *See Parker v Kemna*, 260 F.3d 852, 854 (8th Cir. 2001).  Rousseau's claim therefore fails.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant's motion to vacate, set aside, or correct his sentence [ECF No. 58] is DENIED.

2. No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  November 7, 2014        s/Patrick J. Schiltz
      Patrick J. Schiltz
      United States District Judge